**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Javier BERMEA, Defendant–Appellant.**

**No. 01–6013.**

United States Court of Appeals,
Sixth Circuit.

Sept. 24, 2002.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

*ORDER*

Javier Bermea appeals from his judgment of conviction and sentence. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Bermea pleaded guilty to aiding and abetting the possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court sentenced Bermea to 206 months of

---

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

imprisonment and five years of supervised release, and the court imposed a $100 special assessment. In this timely appeal, Bermea argues that the district court should have departed downward from his Sentencing Guidelines range when it imposed his sentence.

We conclude that Bermea's issue is not reviewable on appeal. This court cannot review a district court's denial of a downward departure unless the district court incorrectly believed that it lacked the authority to grant such a departure as a matter of law. *United States v. Farrow,* 198 F.3d 179, 199 (6th Cir.1999). Since this court generally presumes that a district court is aware of its discretionary authority to grant a downward departure, the sentencing court has no duty to state affirmatively that it is aware of this authority. *United States v. Owusu,* 199 F.3d 329, 349 (6th Cir.2000). Therefore, this court is reluctant to view as ambiguous a ruling in which the sentencing court does not affirmatively express an awareness of its authority to depart from the Guidelines. *Id.*

While Bermea argues that the record is ambiguous as to whether the district court knew of its discretion to depart, his argument is belied by the record. After Bermea's counsel moved for a downward departure, both the court and the government noted that the court had the discretion to impose a sentence below the Guidelines range if the court determined that a departure was appropriate. Nonetheless, once the court considered the possible factors for a departure, the court concluded that the circumstances underlying Bermea's case did not justify a downward departure. Since the district court was clearly aware of its discretion to de-

part downward when it denied Bermea's motion, his challenge to this decision is not reviewable on appeal.

Accordingly, this court affirms the district court's judgment.